UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**EMMANUEL ALMONTE-MEJIA, aka JAVIER CUMBA-DIAZ,**

Plaintiff,

-against-

**UNITED STATES OF AMERICA,**

Defendant.

MOTION TO EXPUNGE

20-MC-796

**Memo Endorsed:** The Government shall reply to this request by January 13, 2021.

SO ORDERED.

Paul G. Gardephe
United States District Judge

Dated: December 30, 2020

**MOTION TO EXPUNGE**

Plaintiff Emmanuel Almonte-Mejia, aka Javier Cumba-Diaz, by and through his counsel, Jonathan Kaye, Esq., respectfully moves this Court for an order expunging the record of his arrest on October 1, 2012.

A. The Arrest

According to a Report of Investigation prepared by the United States Drug Enforcement Administration ("DEA"), a copy of which is annexed hereto as Exhibit A, on October 1, 2012, DEA agents were conducting an investigation at 3591 Bainbridge Avenue in the Bronx, a location known for drug distribution, money laundering and violence. On that date, at about 6:00 p.m., agents were staking out that location when they observed the plaintiff pull up in a silver Toyota, double park

and enter the premises in question. Approximately 40 minutes later, the plaintiff exited the premises carrying a white plastic shopping bag which he placed inside the Toyota. After the agents ordered the plaintiff to exit the Toyota, they recovered the shopping bag which was found to contain approximately $100,000 in United States currency.

B. The Disposition

Though the DEA agents arrested the plaintiff for the offense of money laundering, no charges were ever filed. According to a report filed by the DEA, a copy of which is annexed hereto as Exhibit B, prosecution of the plaintiff was declined.

C. The Defendant's Current Circumstances

With the assistance of experienced immigration counsel, the plaintiff is now seeking to adjust his status in our country and become a lawful permanent United States resident. However, counsel has advised the plaintiff that his application for permanent resident status will not be successful due to the maintenance by the Federal Bureau of Investigation ("FBI") of the record of his arrest on October 1, 2012. As a result of that impediment, the plaintiff, who is otherwise qualified to become a lawful permanent United States resident, will likely be deported from the United States.

D. Reasons For Granting This Motion

While there is no federal statute authorizing the expungement of arrest records, the United States Court of Appeals for the Second Circuit has recognized that such relief is available in certain cases, while holding that generally, expungement is an extreme remedy and should be granted only in "extreme circumstances". *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977). And in *Doe v. United States*, 833 F.3d 192 (2d Cir. 2016), the Court reaffirmed a district court's authority to order the expungement of an arrest record. *Id.* at 197.

Among the circumstances *Schnitzer* considered extreme were "mass arrests" prohibiting an individual determination of probable cause, arrests made with "the sole purpose of ... harass[ing] civil rights workers", misuse of records by the police to the defendant's detriment, and arrests made pursuant to statutes later found unconstitutional. *Id.* at 540. And in determining whether expungement is appropriate, a court must balance law enforcement's interests in retaining and preserving arrest records to promote effective law enforcement against the harm that the maintenance of arrest records can cause individuals. *Id.* at 539.

While the Court in *Schnitzer* recognized that the power to expunge was a narrow one, it did not hold that the list of extreme circumstances it cited was an exclusive one. *See also Diamond v. United States*, 649 F.2d 496, 498 (7th Cir. 1981)

(holding that the list of circumstances warranting expungement set forth in a prior decision of that court was merely illustrative of the situations in which expungement had been considered appropriate). Thus, the Court in *Schnitzer* emphasized that a "request for expungement must be examined individually on its merits to determine the proper balancing of the equities" *Id.* at 540. And in making that determination, the Court noted that "[t]he harm to the individual in any particular case may well be greater than the government's need to maintain that particular arrest record". *Id.* at fn. 6.

Courts in other jurisdictions have recognized that they possess inherent or ancillary jurisdiction to expunge arrest records. For example, in *Natwig v. Webster*, 562 F. Supp. 225 (D.R.I. 1983), the district court granted a motion to expunge where the plaintiff established that the maintenance of his arrest record could jeopardize his potential for employment and travel. *Id.* at 228. Similarly, in *United States v. Van Wagner*, 746 F. Supp. 619 (E.D. Va. 1990), expungement of the plaintiff's arrest record was ordered upon a finding that the "severe adverse consequences to him substantially outweigh[ed] the public interest in maintaining the record of his arrest." *Id.* at 621. And in *United States v. Bohr*, 406 F. Supp. 1218 (E.D. Wisc. 1976), expungement was ordered for a Wisconsin attorney applying for membership in the Arizona bar who feared that his arrest record could adversely

affect his reputation and create "a source of embarrassment or misunderstanding to his professional detriment." *Id.* at 1220.

The United States Supreme Court has held that a person's removal from the United States is "a particularly severe 'penalty'". *Padilla v. Kentucky*, 559 U.S. 356, 365 (2010), *quoting Fong Yue Ting v. United States*, 149 U.S. 698, 740 (1893). Indeed, the Court has recognized that where a non-citizen is charged with a crime and offered a plea bargain, a defense attorney must consider whether preservation of a "client's right to remain in the United States may be more important to the client than any potential jail sentence" that might be imposed following a trial conviction. *Padilla v. Kentucky*, 559 U.S. at 368, *quoting INS v. St. Cyr*, 533 U.S. 289, 322 (2001). *See also Lee v. United States*, 582 U.S. __, 137 S. Ct. 1958, 1965-1968 (2017) (holding that an attorney's misadvice regarding the immigration consequences of a guilty plea deprives a client of effective assistance of counsel even where the chances of an acquittal are "grim").

Given the severity of the penalty that the plaintiff will suffer if his application for lawful residence in the United States is denied, there is a strong basis for concluding that a proper balancing of the equities supports his motion for expungement of his arrest record. In the first place, while it appears that the agents who arrested the plaintiff on October 1, 2012 were engaged in a serious investigation

involving narcotics, money laundering and acts of violence, there is no indication that the plaintiff was the target of that investigation, or that the agents had any evidence to suggest that he was a participant in any of the activities they were investigating at the time. In short, there is good reason to conclude that the plaintiff did nothing more than pick up a bag containing United States currency from a suspected drug location and that he had no actual knowledge that the currency in question represented the proceeds of unlawful activities.

Moreover, the manner in which the plaintiff was arrested raises troubling questions as to whether the DEA agents possessed probable cause to arrest him. Several courts have held that expungement may be appropriate in a case in which the recorded arrest was not supported by probable cause. Accordingly, in *Sullivan v. Murphy*, 478 F.2d 938 (D.C. Cir. 1973), the D.C. Circuit remanded the plaintiff's case to the district court to determine if expungement of the record of arrest, which did not appear to be based on probable cause, was warranted. *Id.* at 970-71. Likewise, in *Bilick v. Dudley*, 356 F. Supp. 945 (S.D.N.Y. 1973), upon finding that the plaintiffs' arrests were plainly unsupported by probable cause, the district judge ordered expungement of their arrest records, while holding that such action was "the remedy which will, to the maximum extent possible, eliminate the effects of the illegal arrests." *Id.* at 952.

Here, it does not appear that the plaintiff's arrest was supported by probable cause. As noted, there is no indication that the plaintiff was the target of the agents' investigation at 3591 Bainbridge Avenue, or that he was previously involved in any unlawful activities at that location, or at any other. Furthermore, while the observation that the plaintiff was carrying a plastic shopping bag when he exited the building may have raised some suspicion that he was transporting drugs or drug proceeds, it certainly did not support a finding that would "warrant a man of reasonable caution in the belief" that an offense had been committed and that the plaintiff had committed it. *Beck v. Ohio*, 379 U.S. 89, 96 (1964). Moreover, 3591 Bainbridge Avenue was and is a building containing multiple apartments. There is no indication that the agents observed the plaintiff enter or exit a particular apartment in that building. In fact, there is no indication regarding which apartment or apartments in which the agents suspected drug transactions were being conducted. Under the circumstances, it is fair to conclude that the plaintiff's arrest was not supported by probable cause.

In any event, even if it could be determined that the agents did possess probable cause to arrest the plaintiff, the instant motion should nevertheless be granted. In his quest to obtain permanent residence in the United States, the plaintiff is seeking to live the American dream. Following his entry into the United States in

2007, the plaintiff fathered four children with his wife Vanessa Mariel Perez-Hernandez, with whom he has lived for 13 years. They have a ten year old son Dereck Almonte-Perez, a seven year old son Emmanuel Almonte-Perez, a 16 month old son Ayden Almonte-Perez, and a five month old daughter Kylie Almonte-Perez. All live together in Pennsylvania. The two oldest children attend school and the plaintiff has been employed for two years by LCV General Contractors as a construction worker in Philadelphia, Pennsylvania. At that job, he earns approximately $500.00 per week. Prior to that employment, he worked as a clerk in a grocery store. Prior to October 1, 2012, the plaintiff had never been arrested for any offense in the United States or in any other country. And he has not been arrested subsequent to that date.

All of the plaintiff's children are United States citizens. Thus, if the plaintiff is prevented from obtaining permanent United States residence and is deported to the Dominican Republic, his native country, he will be separated from all four of his young children. And it would be impractical for his children to join him in his return to the Dominican Republic since they have always lived in the United States and do not know anyone in the Dominican Republic. Moreover, a move to the Dominican Republic would require his two oldest children Dereck and Emmanuel to leave the school they have been attending, leave the friends with whom they have

developed relationships, and begin living in a country with which they have no familiarity, a circumstance that would undoubtedly be emotionally traumatic to them.

All things considered, a balancing of the equities favors the granting of the plaintiff's motion to expunge the record of his arrest on October 1, 2012. Given the fact that he had not been arrested prior to that date, and that he was never subsequently arrested, it appears that his conduct during that incident was an aberration from what has otherwise been a law-abiding life. And in light of the emotional upheaval that his wife and children would suffer if he were removed from the United States, there is ample reason to conclude that law enforcement's interests in retaining and preserving the record of the plaintiff's arrest are substantially outweighed by the harm that will be caused to the plaintiff if that record is maintained. *United States v. Van Wagner*, 746 F. Supp. at 621. In short, there are extreme circumstances which warrant the relief sought by the plaintiff. This Court should therefore order that the record of the plaintiff's October 1, 2012 arrest be expunged.

CONCLUSION

For all of the reasons set forth herein, this Court should grant the instant motion and order that the record of the plaintiff's October 1, 2012 arrest be expunged.

Respectfully submitted,

JONATHAN KAYE
Attorney for Plaintiff
Emmanuel Almonte-Mejia
35-16 Bell Boulevard, Suite 201
Bayside, New York 11361
(516) 790-6618

Dated: Bayside, New York
December 24, 2020

20-MC-796

# MISCELLANEOUS CASE COVER SHEET

**PLAINTIFFS**
Emauuel Almonte-Mejia
aka Javier Cumba-Diaz

**DEFENDANTS**
United States of America

**Attorney's** (Firm Name, Address, and Telephone Number)
Jonathan Kaye, Esq.
35-16 Bell Boulevard, Suite 201
Bayside, NY 11361
Tel. 718 746-5017

**Attorneys (If Known)**
United States Attorney's Office
1 St. Andrews Plaza
New York, NY 10007

**DESCRIPTION OF CASE**
Motion to Expunge the plaintiff's arrest record. Here no case was brought to court in that the prosecution of the case was declined.

**Has this or a similar case been previously filed in SDNY ?**

No? ☑ Yes? ☐ **Judge Previously Assigned** ____________

**If yes, was this case: Vol.** ☐ **Invol.** ☐ **Dismissed. No** ☐ **Yes** ☐

If yes, give date ______________ & Case No. ______________

**NATURE OF CASE**

- ☐ M 08-85 Motion to Compel
- ☐ M 08-85 Motion to Quash
- ☐ M 08-86 Internet Infringement
- ☐ M 08-88 Surety Companies
- ☐ M 08-425 Sureties Proceedings
- ☐ M 11-03 SEC Litigation to Freeze Account
- ☐ M 11-188 GJ Subpoenas - Unsealed
- ☐ M 11-189 GJ Subpoenas - Sealed
- ☐ M 16-88 Sale of Unclaimed Seamen's' Effects
- ☐ M 18-66 Forfeiture Proceedings - Funds Held in trust. 28 USC 1746
- ☐ M 18-302 Registration of a Judgment from Another District
- ☐ M 18-304 Administrative Subpoena Proceedings
- ☐ M 18-305 Registration of Student Loan Judgment
- ☐ M 18-981 Nonjudicial Civil Forfeiture Proceeding
- ☐ M 19-25 Order Authorizing IRS Officer to Enter Premises for Levy
- ☐ M 19-58 General Bonds in Admiralty Purs. to Local Admiralty Rule 8
- ☐ M 19-63 Receivers - Property in Other Districts
- ☐ M 19-78 Denial to Sue In Forma Pauperis
- ☐ M 22-1 Designation by U.S. Attorney of Individual to accept service of summons and complaint
- ☐ M 22-2 Designation of individual to issue certified copies in bankruptcy part
- ☐ M 23 Petition to Perpetuate Testimony
- ☐ M 25-1 Order for Entry to Effect Levy - IRS Matter
- ☐ M 25-2 Permission to have access to safe deposit boxes
- ☐ M 26-1 Proceeding to Enforce Order of Administrator - National Credit Union
- ☐ M 26-2 Application to Enforce Administrative Order Rule 5A Rule of Division of Business among District Judges
- ☐ M 28 Warrant for Entry & Inspection of Premises
- ☐ M 29 Privacy Act Application
- ☐ M 30 Privacy Act Application
- ☐ M 31 Order of Commodity Exchange Commission Directing Person to Pay Money
- ☐ M 32 Petition for Writ to Produce Federal Prisoner in State Court
- ☐ M 33 Inspection Warrant - Department of Energy
- ☐ M 34 Order of Another District Court that the State Court Produce
- ☐ M 35 Order to Stay Transfer of Federal Prisoner
- ☐ M 36 National Labor Relations Board
- ☐ M 37 Application to Re-Open Civil Case(s) that are more than 25 years old
- ☐ M 38 Application for Reassignment of Bankruptcy Proceeding
- ☐ M 39 Application for Discovery and Inspection of Defendant Detained in Federal Prison
- ☐ M 41 Order of Return of 28:2254/2255 Petition
- ☐ M 42 Order Denying Stay of Deportation
- ☐ M 43 Contempt of Court in Bankruptcy
- ☐ M 44 Claim Compensation under Longshoremen & Harbor Workers Compensation Act
- ☐ M 46 Order From Another District for Public Viewing
- ☐ M 47 Bankruptcy Cases - Before Appeal Filed
- ☐ M 47B Transmission of Proposed Findings of Fact and Conclusions of Law
- ☐ M 48 Application for Appointment of Counsel - No Case In This Court
- ☐ M 49 Order Denying Commencement of Civil Action

Rev. 04/2019

## NATURE OF CASE CONTINUED

- [ ] M 51 Order to Show Cause - Case Being Transferred from Northern District of New York
- [ ] M 52 Application for Leave to File a Complaint
- [ ] M 53 Order Barring Individual from Entering Courthouse Building
- [ ] M 54 Immigration Naturalization - Order Delaying Deportation
- [ ] M 55 Petition for Appointment of Impartial Umpire – Labor Management Relations Act and Others
- [ ] M 58 Application for Extension of Time to File Petition for Removal
- [ ] M 59 Application to Produce Federal Prisoner in State Court
- [ ] M 67 Notice of Eviction to Squatters (USA Cases)
- [ ] M 71 Application re: Federal Rules Cr. 11(e)(2)
- [ ] M 72 Order of Attachment of Another District – EDNY
- [ ] M 73 Subpoena to Government Agency
- [ ] M 75 Application for Writ of Garnishment
- [ ] M 76 Central Violations Bureau
- [ ] M 77 Application to have subpoena issued to person living in this district regarding action in foreign country or tribunal
- [ ] M 90 Order of Attachment
- [ ] M 93 Letters Rogatory ____________
- [x] M 94 Other Motion to Expunge Arrest Record

**DO YOU CLAIM THIS CASE IS RELATED TO A MISCELLANEOUS CASE NOW PENDING IN THE SDNY? IF SO, STATE:**

**JUDGE** ____________ **MISCELLANEOUS CASE NUMBER** ____________

**NOTE: Please submit at the time of filing an explanation of why cases are deemed related**

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Emanuel Almonte-Mejia aka Javier Cumba--Diaz, 1908 E. Ontario Street, Philadelphia, PA 19143

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

United States of America, St. Andrews, Place, New York, NY, 10007, NY County

**DEFENDANT(S) ADDRESS UNKNOWN**

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**CHECK ONE:** AT LEAST ONE PARTY IS PRO SE **No** [✔] **Yes** [ ]

**CHECK ONE:** THIS ACTION SHOULD BE ASSIGNED TO **WHITE PLAINS** [ ] **MANHATTAN** [✔]

DATE 12/28/2020

**SIGNATURE OF ATTORNEY OF RECORD**

**ADMITTED TO PRACTICE IN THIS DISTRICT**

[ ] U.S. GOVERNMENT ATTORNEY

[ ] NO

[✔] YES (DATE ADMITTED MO. 08 YR. 1989)

ATTORNEY BAR CODE # JK4439

RECEIPT #

Ruby J. Krajick, Clerk of Court, ____________ Dated ____________

by Rev. 04/2019